UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                      Case No. 15-20695

Juan Carlos Pena-Lora,           Sean F. Cox
                                             United States District Court Judge

    Defendant.
_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE

On May 14, 2020, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1), based on the ongoing novel coronavirus pandemic ("COVID-19"). (ECF No. 37). In response, the Government argues that Defendant has failed to exhaust his administrative remedies or wait the 30 days necessary to comply with 18 U.S.C. § 3582(c)(1)(A). (ECF No. 39).

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" The United States Court of Appeals for the Sixth Circuit recently examined the nature of these requirements for a defendant's motion for compassionate release. In *United States v. Alam*, 960 F.3d 831 (6th Cir. June 2, 2020), the Sixth Circuit held that § 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule. *Id*. at 833. If a defendant fails to

1

comply with this rule, and the Government timely objects to his motion on that basis, the Court must enforce the exhaustion requirement and deny the motion without prejudice. *Id*. at 834, 836. The Court may not craft an exception to this statutory exhaustion requirement, even for a motion filed because of a legitimate fear of COVID-19. *Id*. at 834.

Here, Defendant alleges that he sent a request for compassionate release to his warden on April 8, 2020, that the request was denied, and that there is no internal appeal process. (ECF No. 37, PageID 137). However, the Government represents that "according to legal counsel for the Bureau of Prisons, the Bureau of Prisons has not received an administrative request for compassionate release from [Defendant]." (ECF No. 39, PageID 156-157). Thus, the Court concludes that Defendant has not satisfied his burden to show that he has complied with § 3582(c)(1)(A). *See United States v. McDonald*, 2020 WL 3166741 at *3 (W.D. Tenn. June 8, 2020) ("The defendant bears the burden to show he has exhausted his administrative remedies[.]")

Because Defendant's motion does not comply with § 18 U.S.C. § 3582(c)(1)(A), the Court will **DENY** his motion for compassionate release **WITHOUT PREJUDICE**. *Alam*, 960 F.3d at 836. Defendant may file a new motion for compassionate release (1) after he properly submits a compassionate release request to his warden and fully exhausts his administrative rights to appeal an adverse decision, or (2) 30 days after his warden receives his compassionate release request.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: July 9, 2020

2