UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Case No. 15-20695

Juan Carlos Pena-Lora,                  Sean F. Cox
                                                        United States District Court Judge

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION, REINSTATING MOTION FOR COMPASSIONATE RELEASE, AND ORDERING BRIEFING RELATING TO SAME

On May 14, 2020, Defendant Juan Carlos Pena-Lora filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1), based on the ongoing novel coronavirus pandemic ("COVID-19").  (ECF No. 37).

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  In *United States v. Alam*, 960 F.3d 831 (6th Cir. June 2, 2020), the Sixth Circuit held that § 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule. *Id*. at 833.  If a defendant fails to comply with this rule, and the Government timely objects to his motion on that basis, the Court must enforce the exhaustion requirement and deny the motion without prejudice. *Id*. at 834, 836. The Court may not craft an exception to this statutory

exhaustion requirement, even for a motion filed because of a legitimate fear of COVID-19. *Id.* at 834.

In response to Defendant's motion, the Government argued that Defendant failed to exhaust his administrative remedies or wait the 30 days necessary to comply with 18 U.S.C. § 3582(c)(1)(A). (ECF No. 39). In support of that argument, the Government stated that "according to legal counsel for the Bureau of Prisons, the Bureau of Prisons has not received an administrative request for compassionate release from [Defendant]." (ECF No. 39, PageID 156-157).

In an Order issued on July 9, 2020, this Court concluded that Defendant had not satisfied his burden to show that he had complied with § 3582(c)(1)(A). *See United States v. McDonald*, 2020 WL 3166741 at *3 (W.D. Tenn. June 8, 2020) ("The defendant bears the burden to show he has exhausted his administrative remedies[.]"). In that same order, this Court denied without prejudice Defendant's motion for compassionate release, noting that "Defendant may file a new motion for compassionate release (1) after he properly submits a compassionate release request to his warden and fully exhausts his administrative rights to appeal an adverse decision, or (2) 30 days after his warden receives his compassionate release request."

On July 22, 2020, Defendant submitted a motion asking this Court to reconsider its dismissal of his motion for failure to exhaust. Notably, Defendant attaches a copy of the request for compassionate release he submitted to his warden on April 8, 2020, and a copy of the warden's denial. Thus, Defendant has now shown that he did properly exhaust his administrative remedies before he filed his motion for compassionate release on May 14, 2020.

While the Court was justified in denying his motion without prejudice because Defendant failed to show he had exhausted his remedies, and Defendant could re-file a new motion, the Court concludes that in the interest of time, under these circumstances, Defendant should not be required to re-filed his motion.

Accordingly, the Court hereby **GRANTS** Defendant's motion for reconsideration to the extent that the Court **REINSTATES** Defendant's Motion for Compassionate Release to the docket. The Court **FURTHER ORDERS** that the United States shall file its response addressing the merits of Defendant's motion no later than **September 24, 2020**, and any reply brief filed by Defendant shall be filed no later than **October 6, 2020.** No further briefing shall be allowed without leave of Court.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: September 14, 2020