UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Case No. 15-20695

Juan Carlos Pena-Lora,             Sean F. Cox
                                                United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER DENYING
## DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

In this criminal action, Defendant Juan Carlos Pena-Lora ("Defendant") was convicted of Theft of Public Money and sentenced to 52 months' imprisonment. The matter is before the Court on Defendant's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A), which is based upon concerns about the ongoing novel coronavirus pandemic ("COVID-19"). This motion states that Defendant is concerned that he could contract the virus, and that he may be vulnerable to severe illness if he were to contract it because of his medical conditions, and asks the Court to reduce his sentence to time served or release him to home confinement. The Court concludes that a hearing is not warranted and orders that the motion will be decided based upon the briefs. As explained below, the Court shall DENY the motion.

### BACKGROUND

In this criminal action, Defendant pleaded guilty to Theft of Public Money, in violation of 18 U.S.C. § 641. As set forth in his Rule 11 Plea Agreement, Defendant negotiated over 2,000 United States Treasury income tax refund checks. Those checks had been generated

1

through the filing of fraudulent tax returns.  Although Defendant pleaded guilty to one count of the Indictment, he "acknowledge[d] that he was involved in criminal activity which generated losses in the sentencing guideline range of more than $9.5 million and less than $25 million."  (ECF No 25 at 2).  This Court sentenced Defendant to 52 months' imprisonment.

Defendant began serving his sentence on August 19, 2019 and is currently incarcerated at FCI Allenwood.

On May 14, 2020, Defendant Juan Carlos Pena-Lora filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1), based on the ongoing pandemic.  (ECF No. 37).  This Court dismissed it without prejudice, concluding that Defendant had not satisfied his burden to show that he had exhausted his administrative remedies.  (ECF No. 40).

Thereafter, Defendant submitted a motion asking this Court to reconsider its dismissal of his motion for failure to exhaust and attached a copy of the request for compassionate release he submitted to his warden on April 8, 2020, and a copy of the warden's denial.  Because Defendant established that he had exhausted his administrative remedies, this Court granted his motion for reconsideration, reinstated his motion, and issued a briefing schedule for the motion.

Defendant is thirty-three years old and claims to have asthma.  He also claims to be allergic to some unidentified medications.

The Government opposes Defendant's motion on the merits, asserting that Defendant has not satisfied the first threshold for eligibility for compassionate release.  It also contends that the extent and nature of Defendant's criminal history support a finding that he is a danger to the community.  It notes that Defendant has a lengthy criminal history that includes a conviction for assault with intent to do great bodily harm less than murder and drug trafficking charges.

## ANALYSIS

Defendant's Motion for Compassionate Release is brought under 18 U.S.C. §3582(c)(1)(A) and asks this Court to either allow him to serve the remainder of his sentence in home confinement or reduce his sentence to time served.

Under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce an imposed sentence if it determines that "extraordinary and compelling reasons warrant such a reduction." On top of making this finding, the Court must also consider the sentencing factors described in 18 U.S.C. § 3553(a) and decide if a sentence reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

U.S. Sentencing Guidelines Manual § 1B1.13 (U.S. Sentencing Comm'n 2018) is the "applicable policy statement" with which the Court must comply when considering Defendant's request for compassionate release. 18 U.S.C. § 3582(c)(1)(A). Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) **and** must fit within at least one of four categories of "extraordinary and compelling reasons." Those categories are: "Medical Condition of the Defendant," "Age of the Defendant," "Family Circumstances," and "Other Reasons."

In sum, a defendant seeking compassionate release must present extraordinary and compelling circumstances, must have § 3553(a)'s sentencing factors weigh in his favor, must not be a threat to others as determined by § 3142(g), and must fit within one of the four categories in § 1B.13 of the Sentencing Guidelines." *United States v. Shah*, 2020 WL 1934930 at *1 (E.D.

Mich. April 22, 2020) (citations omitted). *United States v. Murphy*, 2020 WL 2507619 at *3-4 (E.D. Mich. May 15, 2020).

Here, Defendant is a 33-year-old man who claims to have asthma. Even if Defendant could satisfy the first eligibility threshold for compassionate release during this pandemic, the Government persuasively argues that Defendant is ineligible for compassionate release because he is a danger to the community. Section 1B1.13(2) permits release only if a "defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." The record does not support such a finding in this case, where Defendant was convicted of a serious financial crime in this case and has a lengthy prior criminal history that includes violence.

The § 3553(a) factors, including Defendant's history and characteristics, seriousness of the offense, promoting respect for the law, and providing just punishment also weigh against Defendant's request for compassionate release. Defendant's criminal conduct was serious and allowing Defendant to be released after serving only a fraction of his sentence would not promote respect for the law or proper deterrence, provide just punishment, and avoid unwanted sentencing disparities. This Court concludes that Defendant is not an appropriate candidate for the extraordinary remedy of compassionate release.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for Compassionate Release is **DENIED.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: November 16, 2020